CALVIN GRAY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed Dec. 12, 1916.

1. An indictment sufficiently charging the grade of homicide of which the accused was convicted, will not be held bad because it may not cover a higher grade.

2. The court looks to the law as it existed at the time of the commission of the offense to ascertain if the evidence measures up to the crime.

3. In 1887 an essential element in the crime of murder in the second degree was an act imminently dangerous to others, to many or to some other than the person assaulted.

Writ of Error to Circuit Court, Walton County; A. G. Campbell, Judge.

Judgment reversed.

*John L. Moore* and *J. Ralph Campbell,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

COCKRELL, J.—Under an indictment found in 1887, Calvin Gray was convicted of the crime of murder in the second degree on May 11, 1916, and sentenced to life imprisonment.

We need not consider whether the indictment sufficiently charges murder in the first degree, pleader using the term "malice aforethought" instead of the statutory term of "premeditated design" (Denham v. State, 22 Fla. 664), seeing that a conviction of murder in the second degree is an acquittal of the higher degree. McCoy v. State, 40 Fla. 494, 24 South. Rep. 485; Richard v. State, 42 Fla. 528, 29 South. Rep. 413.

The homicide having been committed in 1887, we must look to the law as it then existed, to ascertain if the evidence measures up to the crime of which this plaintiff in error stands convicted. See Raines v. State, 42 Fla. 141, 28 South. Rep. 57. At that time an essential element in the crime of murder in the second degree was an act imminently dangerous to others, to many, or to some one other than the person assaulted. Johnson v. State, 24 Fla. 162, 4 South. Rep. 535; Marshall v. State, 32 Fla. 462, 14 South. Rep. 92.

The careful Circuit Judge in passing upon the motion for a new trial must have overlooked the radical change in the definition of this particular crime as made by the Revised Statutes of 1892, due perhaps also to a similar oversight on the part of the attorneys assigned to the defense. There is no evidence in this record that the act endangered any other than the person assaulted who received the fatal shot.

The judgment is reversed.

TAYLOR, C. J., and SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.